In re WILLCOX et al., Public Service Commission.

(Supreme Court, Appellate Division, Second Department. May 29, 1914.)

EMINENT DOMAIN (§ 178*)—PROCEEDINGS TO ASSESS COMPENSATION—PARTIES—INTERVENTION.

Under Rapid Transit Act (Laws 1891, c. 4, as amended by Laws 1894, c. 752, Laws 1901, c. 587, and Laws 1909, c. 498) § 55, providing that every owner or person interested in any property taken or extinguished shall exhibit to the commissioners of appraisal a statement of his claim, and be entitled to offer testimony and to be heard, and to have a determination by the commissioners as to the amount of his compensation, and that every person neglecting or refusing to present such claim shall be deemed to have surrendered his claim, except so far as he may be entitled to the sum awarded by the commissioners as compensation for taking or extinguishing the property, a landowner, whose right of lateral support would be destroyed by the construction of a subway, was entitled to present his claim to the commissioners of appraisal, though his land was not described in the petition of the Public Service Commission for the appointment of such commissioners or in the map attached thereto.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 479, 484–487; Dec. Dig. § 178.*]

Appeal from Special Term, Kings County.

Application by William R. Willcox and others, constituting the Public Service Commission for the First District, relative to acquiring an estate, etc., for the construction of a rapid transit railroad. From

an order amending a previous order nunc pro tunc relative to the appraisement of compensation for land affected by the Ashland Place Section, Fourth Avenue Subway, the Public Service Commission and the City of New York appeal. Affirmed on reargument.

See, also, 148 N. Y. Supp. ——.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and STAPLETON, JJ.

Charles J. Nehrbas, of New York City (Terence Farley and Edward J. Kenney, Jr., both of New York City, on the brief), for appellants.

Edward M. Grout, of New York City (James F. McKinney, of New York City, on the brief), for respondent Eloise T. W. Maddren.

Herbert G. Andrews, of Brooklyn, for claimants.

CARR, J. Respondent is the owner of two parcels of land, which abut on Ashland place in the borough of Brooklyn. The appellants are the Public Service Commissioners, who have been charged by statute with the duty of constructing a subway in the borough of Brooklyn, and who have determined upon a plan of construction through Ashland place. Apparently that street is an old Dutch road, in which the abutting owners have no title to the bed thereof.

The Public Service Commissioners presented a petition to the Supreme Court in Kings county for the appointment of commissioners "to ascertain and appraise the compensation to be made to the owners of the property described in the said petition, pursuant to chapter 4 of the Laws of 1891, and the several statutes amendatory thereof and supplemental thereto." The respondent presented a claim to the commissioners appointed by the order of the Supreme Court, made on the petition just referred to. The property of the respondent was not described in the petition, nor in the maps attached thereto. Objection was made by the Public Service Commissioners to a consideration of the claim of damages made by respondent, but this objection was overruled by the commissioners. For the purposes of abundant caution the respondent then made a motion at a Special Term of the Supreme Court in Kings county for an amendment of the original order, so that it should read that the commissioners were "to ascertain and appraise the compensation to be made to owners of property to be taken or extinguished for the purposes indicated in chapter 4 of the Laws of 1891 as amended." This motion was granted, and from the order amending the original order this appeal has been taken by the Public Service Commissioners.

The appellants claim that by the Rapid Transit Act full discretion was given to the Public Service Commissioners to determine for themselves what property should be acquired in condemnation proceedings brought under that act, and that where the condemnors had omitted from the scope of the sought condemnation proceeding any piece or parcel of land, it was improper to attempt to include in the condemnation proceedings anything which they had omitted—improper not only in the sense of discretion, but absolutely without power on the part of the court.

147 N.Y.S.—61

The scope of the condemnation proceedings under this statute, as amended, was considered by the court in Matter of Rapid Transit R. R. Commissioners, 197 N. Y. 81, 90 N. E. 456, 18 Ann. Cas. 366. It is our opinion that it was the evident purpose of this statute that all damages which follow from the invasion of a legal right of a private owner should be ascertained and determined in the proceedings brought to condemn under this statute, and such would seem to follow from the language of the opinion of the Court of Appeals in the case cited. This view is strengthened very materially, and, as we think, beyond question, by the provisions of section 55 of said act as amended (chapter 752, Laws of 1894; chapter 587, Laws of 1901; chapter 498, Laws of 1909). Section 55 seems to contemplate that every one whose property is taken, or whose legal rights are extinguished, in the process of the construction of the subways provided by said act, shall, within six months after the appointment of commissioners of appraisal, present their claim to said commissioners, and offer testimony and be heard thereon, and that in the event of failure to present a claim and to offer testimony in support thereof their rights shall be deemed to have been surrendered or extinguished.

The situation is not similar to that presented in Matter of New York, West Shore & Buffalo R. Co., 101 N. Y. 685, 5 N. E. 769, cited by the appellants. If the contention of the appellants be correct, then the Public Service Commissioners could exclude from the condemnation proceeding, not only the extinguishment of rights of easement of abutting lands, but they could select at their own pleasure for inclusion in the condemnation proceeding lands that were to be taken completely, and thus leave the owners of some of the lands which were actually to be taken, though not included in the condemnation proceeding, to common-law actions of trespass, ejectment, etc. We think this was not the purpose of the statute. If the result of the construction of the subway through Ashland place is to destroy rights of lateral support as to lands not described in the petition or set forth on the map attached thereto, then we think the petition and the maps have not been framed with regard to the evident purposes of the statute, and that the order appealed from was well within the power and discretion of the Special Term.

Order affirmed, with $10 costs and disbursements. All concur.